# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ODONCHIMEG KHORLOO and ENKHAMGALAN TSOGTSAIKHAN, individually and on behalf of others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 18-cv-01778 |
| v. | ) ) | Judge Andrea R. Wood |
| JOHN C. HEATH ATTORNEY AT LAW, PLLC d/b/a LEXINGTON LAW FIRM, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Odonchimeg Khorloo and Enkhamgalan Tsogtsaikhan have brought this putative class action against Defendants John C. Heath Attorney at Law, PLLC d/b/a Lexington Law Firm ("Lexington"), Patrick Gibson, d/b/a 700life.net ("Gibson"), and other unknown owners of 700life.net. The class action complaint includes one count under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and four counts under Illinois state law. Each of the five counts concerns unsolicited marketing text messages that Defendants allegedly sent. Plaintiffs have moved for default and default judgment against Gibson. (Dkt. No. 52.) Meanwhile Lexington has moved for summary judgment in its favor. (Dkt. No. 45.) For the reasons explained below, the Court finds Gibson in default and enters a default judgment of $9,000 against him. The Court denies Plaintiffs' request to defer consideration of Lexington's summary judgment motion and their motion for leave to file a supplemental brief. Instead, the Court directs briefing of the summary judgment motion to proceed.

**DISCUSSION**

**I.     Default Judgment Motion**

Plaintiffs have moved for both entry of default and entry of a default judgment against Defendant Gibson. (Mot. for Entry of Default & Default J. at 1, Dkt. No. 52.) Concerning the former request, the Clerk must enter a default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Plaintiffs have shown that they properly served Gibson in September 2018 through alternative service authorized by the Court. (9/11/2018 Minute Entry, Dkt. No. 31; Return of Service, Dkt. No. 52-1.) Nonetheless, Gibson has never appeared or filed any documents in this case. Plaintiffs therefore have shown that it is appropriate to enter default against Gibson. The Court thus proceeds to the request for a default judgment.[1]

Because Gibson has defaulted, the allegations against him in Plaintiffs' complaint will be accepted as true for purposes of the instant motion. *See Domanus v. Lewicki*, 742 F.3d 290, 303 (7th Cir. 2014). Nonetheless, Plaintiffs must still prove up their damages. *Id.* This Court has broad latitude in quantifying damages, particularly when the defendant's conduct impedes quantification of damages. *Id.* To establish their damages, Plaintiffs have submitted a memorandum, a supplemental memorandum, and their attorneys' billing records. (Dkt. Nos. 52, 52-3, 64.) Plaintiffs have asked for a default judgment in the total amount of $19,367.95, which would be composed of $9,000 in statutory penalties, $450 in actual damages, $9,253 in attorneys' fees, and $664.95 in costs. Although this suit was filed as a putative class action, no class has yet

---

[1] Plaintiffs correctly point out that it is not problematic for the Court to enter a default judgment against Gibson even though Plaintiffs' claims against Lexington have not been resolved on the merits. In cases involving joint and several liability, there is no barrier against entering a default judgment against one defendant even though another defendant might later prevail on the merits. *See Marshall & Issley Tr. Co. v. Pate*, 819 F.2d 806, 812 (7th Cir. 1987) (citing *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257–58 (7th Cir. 1980)); *Krakow Bus. Park v. Locke Lord, LLP*, 135 F. Supp. 3d 770, 782–83 (N.D. Ill. 2015).

been certified and Plaintiffs seek damages only on an individual basis. The Court will address each of the requested forms of relief in turn.

### A. Statutory Penalties

The TCPA forbids any person from making a call using an "automatic telephone dialing system" to any cellphone, subject to certain exceptions. 47 U.S.C. § 227(b)(1)(A)(iii). The term "call" has been construed to include text messages. *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016); *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 460 (7th Cir. 2020). The TCPA provides for a private right of action for a violation of this provision, and a private plaintiff may recover his or her actual monetary loss or $500 in statutory penalties for each violation, whichever is greater. 47 U.S.C. § 227(b)(3)(B).

Plaintiffs have alleged that Gibson, through his business 700life.net, used an automatic telephone dialing system to send ten text messages to Plaintiff Khorloo and eight text messages to Plaintiff Tsogtsaikhan without their consent. (Class Action Compl. ¶¶ 18–45.) Taken as true, those allegations establish Gibson's liability under 47 U.S.C. § 227(b)(1)(A)(iii). For those violations, the Court concludes that Plaintiffs are entitled to $500 per violation because, as they acknowledge in their supplemental memorandum, their actual damages per text message are minimal and they are entitled to the greater of $500 per violation or actual damages. (Suppl. Mem. in Supp. of Claim for Actual Damages at 2, Dkt. No. 64.) Gibson violated the statute 18 times, once for each text message. At a rate of $500 per violation, Plaintiffs thus are due $9,000 in statutory penalties.

### B. Actual Damages

In their brief in support of their motion for default judgment, Plaintiffs ask for $6,000 in actual damages for their claim under the Illinois Consumer Fraud and Deceptive Business

Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.* (Mot. for Default J. at 3.) But in their supplemental memorandum, Plaintiffs retract that damages request and instead ask for only $450 in actual damages, which equates to $25 per text message. (Suppl. Mem. at 2.) Plaintiffs claim that they suffered actual damages for "violation of their privacy rights, intrusion upon their seclusion, and depletion of their cell phone battery life." (*Id.*) They claim that such damages are still recoverable under the ICFA but provide no case law to support that proposition. (*Id.*) Plaintiffs do admit, however, that "such damages may be difficult if not impossible to quantify and may well be *de minimis*." (*Id.*)

"The actual damage element of a private ICFA action requires that the plaintiff suffer 'actual pecuniary loss.'" *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010) (quoting *Mulligan v. QVC, Inc.*, 888 N.E.2d 1190, 1197 (Ill. 2008)). Actual losses may come in several forms, including lost profits or being deprived of the benefit of the bargain. *Id.* But the "plaintiff must allege that she has been harmed in a concrete, ascertainable way." *Frye v. L'Oreal USA, Inc.*, 583 F. Supp. 2d 954, 957 (N.D. Ill. 2008). A plaintiff's damages thus must be "calculable and measured by the plaintiff's loss." *Burkhart v. Wolf Motors of Naperville, Inc. ex rel. Toyota of Naperville*, 61 N.E.3d 1155, 1161 (Ill. App. Ct. 2016) (internal quotation marks omitted).

But even accepting the facts in the complaint as true, Plaintiffs have not alleged actual damages in this case.[2] And the Court could not locate any Illinois case law suggesting that privacy violations—particularly not *de minimis* privacy violations such as receipt of unwanted advertisements by text message—provide a basis for actual damages under the ICFA. It seems unlikely that the statute allows plaintiffs to recover damages for privacy violations because the ICFA is concerned with fraudulent or unfair advertising, not with individual privacy rights. The

---

[2] Aside from screenshots of the text messages, Plaintiffs did not submit any documentary evidence to support their claims for actual damages under the ICFA. (Dkt. No. 2-1, 2-2.)

receipt of the message by itself, moreover, does not provide not a basis for actual damages. *See Dwyer v. Am. Express Co.*, 652 N.E.2d 1351, 1357 (Ill. App. Ct. 1995) (holding that the receipt of unwanted advertisements by mail is not a basis for actual damages under the ICFA).

Plaintiffs' final argument is that they lost battery life on their phones when they received the text messages. Another district court has held that a business stated a claim under the ICFA for the receipt of an unwanted fax because it wasted paper and toner, wore down the fax machine, and wasted employee time. *Centerline Equip. Corp. v. Banner Pers. Serv., Inc.*, 545 F. Supp. 2d 768, 779 (N.D. Ill. 2008). But several factors distinguish this case from *Centerline*. First, the alleged injury—battery life lost from receiving text messages—is even more *de minimis* than the loss of paper, toner, and employee time from faxes. Second, the plaintiff's burden to prove up damages for purposes of a default judgment motion is higher than his burden to plead damages in a complaint. *See Domanus*, 742 F.3d at 303. And third, the claims in *Centerline* were asserted on a class-wide basis, which was a factor in favor of finding that the plaintiff had pleaded actual damages. But while the complaint in this case seeks damages on a classwide basis, the default judgment motion only asks for damages on an individual basis. The Court therefore concludes that Plaintiffs have not proven actual damages in this case, as required by the ICFA.

### C. Attorneys' Fees and Costs

Plaintiffs also seek attorneys' fees and costs under both the ICFA and the Illinois Uniform Deceptive Trade Practices Act ("UDTPA"), 815 ILCS 510/1 *et seq*. The Court concludes, however, that it would not be appropriate to award attorneys' fees or costs under either statute.

The ICFA allows a court to award reasonable attorneys' fees and costs to parties who prevail under the statute. *See* 815 ILCS 505/10a(c). It is not necessary for the Court to find bad faith or willfulness by a defendant to award attorneys' fees and costs to the plaintiff under the

statute. *See Grove v. Huffman*, 634 N.E.2d 1184, 1189–90 (Ill. App. Ct. 1994). But an award of fees and costs to a private party must be based on an award of actual damages. *Id.* 505/10a(a); *Clayton v. Planet Travel Holdings, Inc.*, 988 N.E.2d 1110, 1116 (Ill. App. Ct. 2013) (holding that a court should only award fees and costs under the ICFA to a party that prevails on the merits). For the reasons given above, Plaintiffs have failed to establish that they suffered actual damages for the purposes of the ICFA. Therefore, an award of attorneys' fees and costs is not available under the ICFA.

The UDTPA also allows for awards of attorneys' fees and costs, but only under limited circumstances. First, the court must find that the defendant is liable for "willful engagement" in deceptive trade practices. 815 ILCS 510/3; *see Tarin v. Pellonari*, 625 N.E.2d 739, 747 (Ill. App. Ct. 1993). Second, a plaintiff may only recover attorneys' fees and costs under the statute if the court awards the plaintiff injunctive relief. *See Vara v. Polatsek*, No. 1-11-2504, 2012 WL 6962887, at *13 (Ill. App. Ct. Oct. 5, 2012) (citing *Cmty. Consol. Sch. Dist. No. 54 v. Ill. State Bd. of Educ.*, 576 N.E.2d 250 (Ill. App. Ct. 1991)). Plaintiffs here did not request injunctive relief as part of their default judgment, and the Court has not awarded any injunctive relief. In addition, Plaintiffs have made, at most, conclusory allegations of willfulness, and the Court does not find that they have established that Gibson acted willfully. Therefore, an award of attorneys' fees and costs will not be granted under the UDTPA.

## II.     Lexington's Summary Judgment Motion

### A.      Rule 56(d) Request

Instead of opposing Lexington's motion for summary judgment, Plaintiffs ask the Court to defer consideration of the motion and allow additional discovery. (*See* Frisch Decl. ¶¶ 31–32, Dkt. No. 60.) Indeed, the Court may defer consideration of a summary judgment motion "[i]f a

nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The Court concludes, however, that Plaintiffs have failed to show that they are unable to obtain the facts necessary to justify their opposition to the summary judgment motion.

Plaintiffs contend that, if they could obtain discovery from Gibson, it would shine a light on alleged connections between 700life.net and Lexington—connections that Lexington strenuously denies. But Plaintiffs have failed to show that they made any efforts to obtain that information in discovery, which closed about three months before they asked the Court to defer deciding the summary judgment motion. For example, if Plaintiffs had asked for a default against Gibson earlier, they could have sought discovery from him and asked the Court to hold him in contempt if he refused to comply. *See, e.g., Blazek v. Capital Recovery Assocs., Inc.*, 222 F.R.D. 360, 361 (E.D. Wisc. 2004) (authorizing discovery of a defaulted defendant in a class action for purposes of determining damages); *see also Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010) (explaining that defaulted defendants may be compelled by subpoena to attend a deposition). But they did not do so. Furthermore, deferring consideration of Lexington's summary judgment motion would likely be ineffective in this circumstance because the only additional discovery that Plaintiffs desire from Gibson would be in response to a citation to discover assets issued to enforce a default judgment against him. (Frisch Decl. ¶ 31.) But the process for enforcing a judgment against Gibson is in no way equivalent to merits discovery in this case, and it is unlikely to assist Plaintiffs in opposing summary judgment. Therefore, the Court denies Plaintiffs' request to defer consideration of the summary judgment motion.

### B. Motion for Leave to File Supplemental Brief

After invoking Rule 56(d), Plaintiffs moved for leave to file a supplemental brief in opposition to Lexington's motion for summary judgment. (Mot. for Leave to File Supp. Br. in Opp'n to Mot. for Summary J., Dkt. No. 66.) The motion and the attached supplemental brief solely concern allegations taken from a complaint that the Consumer Financial Protection Bureau filed in an unrelated case in another federal district court. (Dkt. No. 66-1.) As a result of what they deem new information, Plaintiffs ask the Court to reopen discovery into the relationship between 700ife.net and Lexington.

The Court declines to reopen discovery in this case for two reasons. First, the new information Plaintiffs have presented does not justify it. They have not brought forward new facts, or new evidence, but only allegations in another complaint. And those allegations, which make no mention of 700life.net or Gibson, bear little relationship to the issues in this case. Second, Plaintiffs have failed to show that they did not seek the discovery they now want earlier because of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B) (court may only extend deadline after it has lapsed if the party seeking the extension acted with excusable neglect). The complaint referenced in Plaintiffs' motion was filed 11 days **before** Plaintiffs filed their Rule 56(d) papers here. Not only did Plaintiffs overlook that complaint then, it took them an additional five months to file the motion seeking leave to file a supplemental brief. They present no reason why they were unable to obtain and present this information to the Court earlier. Furthermore, there is no reason why they could not have sought the additional discovery they now seek before the discovery deadline closed. Therefore, the Court denies Plaintiffs' motion to file a supplemental brief.

### C. Briefing Schedule on the Merits of the Summary Judgment Motion

Having denied Plaintiffs' requests to defer consideration of summary judgment and to file a supplemental brief, the Court must decide how to proceed with the merits of Lexington's summary judgment. It is Lexington's position that the Court should decide the summary judgment motion on the current record without granting Plaintiffs another opportunity to respond on the merits. (Reply Mem. in Supp. of Mot. for Summ. J. at 2–3, Dkt. No. 61.) In Lexington's view, Plaintiffs failed to properly move for additional discovery pursuant to Rule 56(d) and, by that failure, forfeited their right to respond on the merits. In their various filings, Plaintiffs have not stated a position on whether they should be allowed to respond to the substance of the summary judgment motion if their requests for additional discovery are denied.

The Court nonetheless concludes that it would be appropriate to allow Plaintiffs an opportunity to respond to the substance of Lexington's motion. Lexington is correct to point out that when a party cannot access facts essential to support its opposition to summary judgment, it must file a motion asking for additional discovery and must support that motion with affidavits or declarations. *See* Fed. R. Civ. P. 56(d); *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006); *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996). But, in the Court's view, Plaintiffs have met that requirement. While titled a declaration, the document that Plaintiffs filed at Docket Number 60 serves as both a motion for additional discovery and a supporting declaration. That is, the document performs the function of a Rule 56(d) motion, which is to "state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery," *Deere & Co.*, 462 F.3d at 706, and it supports that motion in the form of a declaration from Plaintiffs' counsel, *see id.* Furthermore, Plaintiffs followed the proper procedure by filing a Rule 56(d) motion and declaration instead of, rather than in addition to, a

response to the substance of Lexington's motion. *See Bigger v. Facebook, Inc.*, 375 F. Supp. 3d 1007, 1013–14 (N.D. Ill. 2019) (holding that a Rule 56(d) declaration filed in addition to a substantive response was not validly before the court), *vacated in part on other grounds by* 947 F.3d 1043, 1051–52 (7th Cir. 2020). Thus, even though the Court has rejected Plaintiffs' argument that they are entitled to additional discovery, Plaintiffs have preserved their right to respond to the substance of Lexington's arguments.

## CONCLUSION

For the reasons explained above, the Court enters a default and a default judgment in the amount of $9,000 against Gibson. The Court denies Plaintiffs' request to defer consideration of Lexington's summary judgment motion and Plaintiffs' motion to for leave to file a supplemental brief. Instead, the Court will set a briefing schedule on the summary judgment motion. If Plaintiffs do not file a response in opposition the motion, the Court will rule on Lexington's motion on the current record.

ENTERED:

Date: March 31, 2020

_____

Andrea R. Wood
United States District Judge